IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMERICAN BEVERAGE CORPORATION, and
POUCH PAC INNOVATIONS, LLC

                            Plaintiffs,                    Case No.

        v.                                                **JURY TRIAL DEMANDED**

DIAGEO NORTH AMERICA, INC., and
DIAGEO AMERICAS SUPPLY, INC. t/d/b/a
CAPTAIN MORGAN CO.,

                            Defendants.


## VERIFIED COMPLAINT

Plaintiffs, American Beverage Corporation ("ABC") and Pouch Pac Innovations, LLC

("PPI") (together, "Plaintiffs"), by their counsel, file this Verified Complaint against

Defendants Diageo North America, Inc. and Diageo Americas Supply, Inc. t/d/b/a Captain

Morgan Co., and in support thereof aver as follows.

## Preliminary Statement

This case involves ABC's Daily's Cocktails and the infringement of ABC's intellectual

property rights therein by the Defendants and their aptly-named Parrot Bay Cocktails.  This

case arose because the Defendants, seeking to capitalize on the commercial success of

ABC's Daily's Cocktails, and despite a myriad of available alternatives, recently launched

their Parrot Bay Cocktails packaged in pouches that – true to their name – parrot both the

patented design and trade dress of ABC's Daily's Cocktails.  The Defendants' Parrot Bay

Cocktails not only infringe ABC's patent pouch design, but are also so similar in appearance

to ABC's Daily's Cocktails that consumer confusion is likely to occur and in fact has already

occurred, to ABC's detriment.  While ABC welcomes fair competition, the Defendants conduct in this case goes far beyond the standards of fair competition as recognized by the law.  ABC believes that the Defendants are planning an extensive nationwide rollout of their Parrot Bay Cocktails for the upcoming spring and summer months, which are the most profitable season for frozen cocktail pouch sales.  Unless enjoined, the Defendants will be able to exploit the actual and inevitable consumer confusion caused by their infringing products during this prime buying season and thereby poach potential customers, sales, and market share from ABC.  Once the Defendants have established a substantial share of the frozen cocktail pouch market through their infringing activities, the damage to ABC will already have been done, as any monetary damages or remedial actions (e.g., redesign the pouch packaging) imposed by this Court would be insufficient to redress the irreparable harm suffered by ABC.  Given the foregoing, Plaintiffs seeks this Court's intervention to restrain and enjoin the Defendants' infringing conduct.

### The Parties

1.      Plaintiff American Beverage Corporation ("ABC") is a corporation organized and existing under the laws of Delaware, with a principal place of business in Verona, Pennsylvania.

2.      Plaintiff Pouch Pac Innovations, LLC ("PPI") is a limited liability company organized and existing under the laws of Florida, with a principal place of business in Sarasota, Florida.

3.      Upon information and belief, Diageo North America, Inc. is a Connecticut corporation with a principal place of business in Norwalk, Connecticut.

4.     Upon information and belief, Diageo Americas Supply, Inc. is a New York corporation with a principal place of business in Norwalk, Connecticut and that trades and does business as "Captain Morgan Co."

## Jurisdiction and Venue

5.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks), 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws), and 28 U.S.C. § 1367 (supplemental jurisdiction).

6.     This Court has personal jurisdiction over the Defendants because they have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 and 15 U.S.C. § 1125, and place infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the Commonwealth of Pennsylvania, including in this district.  Upon information and belief, the Defendants derive substantial revenue from the sale of infringing products within this district, expect their actions to have consequences within this district, and derive substantial revenue from interstate commerce.  The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

7.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because the Defendants are subject to jurisdiction in this District, transact business within this district, and offer for sale in this district products that infringe the Plaintiffs' intellectual property rights.

## ABC's Daily's Cocktails

8.      ABC makes and sells a line of single-serve ready-to-drink frozen cocktails packaged in pouches under its Daily's brand name (the "Daily's Cocktails").

9.      For all times relevant hereto, ABC has packaged its Daily's Cocktails in pouches that are the subject of this action.

10.      The design of the pouch in which ABC packages its Daily's Cocktails is the subject of U.S. Design Patent No. D571,672 (the "672 Patent").  A true and correct copy of the patent is attached hereto as Exhibit A.

11.      The 672 Patent covers the unique, novel, and non-obvious ornamental design and appearance of ABC's pouch packaging.

12.      PPI owns the 672 Patent and licensed it exclusively to ABC, which owns substantially all rights, title, and interests to and in the 672 Patent, including but not limited to the right to bring suit, alone and in its own name, for infringement of the 672 Patent.  Accordingly, ABC has standing to assert claims for infringement of the 672 Patent, and PPI joins as co-plaintiff as the registered owner of the 672 Patent.

13.      The pouch packaging of the Daily's Cocktails embodies a singular and inherently distinctive trade dress characterized by a general overall appearance and commercial impression created through size, shape, color scheme, pictoral elements, labeling, and layout.  These elements include the patented hourglass shape of ABC's pouch packaging and three horizontal labeling partitions, with the top-most portion consisting of a perforated tear-away flap with the language "FREEZE AND ENJOY," the middle portion containing the Daily's brand name, a colorful depiction of the particular frozen cocktail

4

flavor and corresponding fruit imagery, and the bottom portion identifying the specific

product and key information thereof.



*Illustration 1: A Daily's cocktail.*

14.    The elements of ABC's trade dress are non-functional.

15.    Continuously since the fall of 2005, ABC has made and sold in interstate

commerce its Daily's Cocktails in its trade dress to identify the source of the Daily's

Cocktails and to distinguish them from those made and sold by others.  ABC has

prominently displayed its trade dress to distributors, retailers, and consumers through

advertising, the internet, industry publications, and points-of-sale.

16.    ABC has invested substantial time, resources, and money in making and

selling its Daily's Cocktails in their pouch packaging trade dress.

17.    As a result of ABC's commercial activities as set forth herein, ABC's trade

dress has developed and now has a secondary and distinctive meaning to consumers and

the alcoholic beverage industry.  Specifically, ABC's trade dress has come to indicate that

the Daily's Cocktails come from or originate only with ABC.

18.    ABC's uses and has used its trade dress on all flavor varieties of the Daily's

Cocktails, and thus, its trade dress has a recognizable and consistent overall look.



*Illustration 2: The consistent overall look of ABC's trade dress on its Daily's Cocktails.*

**The Defendants' Parrot Bay Cocktails**

19.    The Defendants make and sell alcoholic beverages under their "Parrot Bay"

brand name.

20.    Plaintiffs recently discovered that the Defendants have begun to make and

sell in interstate commerce single-serve ready-to-drink frozen cocktails packaged in

pouches under their Parrot Bay brand name (the "Parrot Bay Cocktails").

21.    The Defendants' Parrot Bay Cocktails are packaged in pouches indicating that

they are "BREWED AND BOTTLED BY CAPTAIN MORGAN CO., PLAINFIELD IL."

22.    More importantly, the Defendants' Parrot Bay Cocktails are packaged in

pouches that infringe Plaintiffs' patented pouch design and embody ABC's trade dress and

so closely imitate ABC's trade dress that consumers are likely to be confused as to the

source or origin of the Defendants' Parrot Bay Cocktails.



*Illustration 3: A Daily's Cocktail (left) and a Parrot Bay Cocktail (right).*

23.     The Defendants' Parrot Bay Cocktails are packaged in pouches that are identical in overall commercial impression to the pouches in which the Daily's Cocktails are packaged, including but not limited to size, shape, color scheme, pictoral elements, labeling, and layout.  Specifically, the Defendants have parroted the patented hourglass shape of ABC's pouch packaging, as well as the three horizontal labeling partitions, with the top-most portion consisting of a perforated tear-away flap with the language "FREEZE & SQUEEZE," the middle portion containing the Parrot Bay brand name, a colorful depiction of the particular frozen cocktail flavor and corresponding fruit imagery, and the bottom portion identifying the specific product and key information thereof.

24.     The Defendants have copied the consistent overall commercial impression of ABC's trade dress across the Defendants' entire product line.



*Illustration 4: The consistent overall look of the Defendants' Parrot Bay Cocktails.*

25.     Moreover, the Defendants have copied the patented design and appearance of the 672 Patent in their Parrot Bay Cocktail pouches.



*Illustration 5: The 672 Patent (left) and a Parrot Bay Cocktail (right).*

26.     The Defendants are not authorized to practice the 672 Patent.

27.     The Defendants' conduct as set forth herein is not only likely to cause consumer confusion, but has already caused actual consumer confusion.  ABC has received correspondences from customers evidencing actual confusion with the Defendants' Parrot Bay Cocktails.

28.     For several reasons, further consumer confusion is not just likely, but inevitable.

29.     The Daily's Cocktails directly compete with the Parrot Bay Cocktails.

30.     The Parrot Bay Cocktails are offered in many of the same flavors as the Daily's Cocktails, including for example strawberry daiquiri and piña colada.

31.     The Parrot Bay Cocktails and the Daily's Cocktails are relatively low-priced items, both costing approximately $2.00 per unit.

32.     The Parrot Bay Cocktails and the Daily's Cocktails are both single-serve frozen cocktail products that, given their low cost, are impulse purchases for consumers. As such, consumers exhibit very little brand loyalty in connection with frozen cocktail pouch products, and are not likely to exercise a great deal of care before selecting their frozen cocktail pouch products for purchase, nor in evaluating the quality of the frozen cocktail product following consumption.

33.     The Parrot Bay Cocktails are sold through many of the same trade channels as the Daily's Cocktails, such as liquor stores and retail chains and supermarkets such as Walmart and Shaw's.



*Illustration 6: Daily's Cocktails (left) and Parrot Bay Cocktails (right) at a Walmart store.*

34.     Oftentimes, the products appear next to each other on racks at the ends of aisles, further exacerbating the risk of confusion.



*Illustration 7: Daily's Cocktails (left) and Parrot Bay Cocktails (right).*

35.     In some instances, the two products are mixed together on nearby shelves and sometimes even appear on the same shelf row.



*Illustration 8: A refrigerated display unit containing the two products on the same shelf rows.*

36.     When the products appear on the same shelves or rows, consumer confusion is unavoidable because it is difficult to distinguish the two products.



*Illustration 9: A refrigerated display unit containing the two products.  Daily's Cocktails exclusively populate the top two shelves, while Parrot Bay Cocktails exclusively populate the bottom shelf.  Both products populate the third shelf from the top.*



*Illustration 10: A close-up of Figure 9 showing how close visual inspection is required to discover that the same shelf contains two products from different sources, with the Daily's Cocktails (left)adjacent to the Parrot Bay Cocktails (right).*

37.     Stores also stock the two products in refrigerated shelves behind foggy glass doors, making it even more difficult for consumers to notice and appreciate whatever minute differences there may be between the pouch packaging of the two products.



*Illustration 11: A refrigerated display unit containing both Daily's Cocktails and Parrot Bay Cocktails.  The foggy glass door as seen by customers makes it impossible to distinguish the two products.*

38.    These arrangements create the visual effect of the products "flowing" together, implying to consumers that they all originate from the same source.

 

*Illustration 12: Racks containing both Daily's Cocktails and Parrot Bay Cocktails showing how two products from different sources appear to "flow" together.*

39.    The Defendants' conduct as set forth herein is all the more egregious when measured against competing frozen cocktail pouch products made and sold by other beverage manufacturers.  A survey of the trade dress used by other beverage manufacturers shows the multiple pouch packaging options available to companies such as the Defendants.



*Illustration 13: Other frozen cocktail packaging.*

40.     The similarity of the Defendants' Parrot Bay Cocktails to the Daily's Cocktails is all the more striking when viewed in light of this range of available options.

41.     Upon information and belief, the Defendants have entered into a contract packing arrangement with Admiral Beverage Corporation, which conveniently shares the same initials as ABC, to make and distribute the Defendants' Parrot Bay Cocktails.  As a result of this arrangement, the Defendants are able to represent to distributors and retailers an affiliation with "abc," which, in connection with the Defendants' other conduct as set forth herein, makes it likely that companies within the alcoholic beverage industry – including but not limited to distributors and retailers – may be confused as to the source or origin of the Defendants' Parrot Bay Cocktails, or may come to believe that they are dealing with ABC and the Daily's Cocktails.

### Notice

42.     PPI wrote to Diageo North America, Inc. ("Diageo") on December 8, 2011, advising Diageo that PPI believed that Diageo was infringing Plaintiffs' rights and demanding that Diageo cease and desist such infringing conduct.  A copy of PPI's letter is attached hereto as Exhibit B.

43.     From that point, PPI and Diageo exchanged multiple written correspondences during December of 2011 and up through and including March of 2012. At no time did Diageo indicate that it would comply with PPI's demand.

44.     On April 25, 2012, ABC wrote to the Defendants, advising the Defendants that ABC believed that they was infringing ABC's intellectual property rights as set forth herein and demanding that they cease and desist their conduct.  A copy of ABC's letter is attached hereto as Exhibit C.

45.     The Defendants have not complied with ABC's demands.

46.     Accordingly, Plaintiffs have no choice but to proceed with the instant action.

## The Consequences of the Defendants' Infringing Conduct

47.     The Defendants' conduct as set forth herein is wrongful, malicious, fraudulent, deliberate, willful, and/or intentional and has caused and will continue to harm the Plaintiffs.

48.     Unless restrained, the Defendants' conduct has caused and will continue to cause irreparable harm to Plaintiffs for which they have no adequate remedy at law.

49.     Upon information and belief, the Defendants are planning for a national roll-out of their Parrot Bay Cocktails in preparation for the summer months.

50.     The summer months represent the prime season for sales of frozen cocktails.

51.     If the Defendants are permitted to roll out their Parrot Bay Cocktails and flood the market with their infringing products during the prime selling season, the Defendants will be able to exploit the actual and inevitable consumer confusion to poach potential customers, sales, and shares of the frozen cocktail market from ABC.  Consumers may also come to mistakenly attribute inferior qualities of the Defendants' Parrot Bay Cocktails to ABC, causing ABC to suffer a loss of its reputation, trade, and goodwill.

52.     The Defendants' conduct also threatens the right of the public to be free from confusion and deception.

53.     Upon information and belief, the Defendants are preparing to launch a single-serve frozen cocktail pouch product under the Defendants' "Smirnoff" brand name in packaging that, insofar as it utilizes the same pouch packaging and design as the Defendants' Parrot Bay Cocktails, infringes the Plaintiffs' rights as set forth herein.

15

54.     Given the foregoing, the Plaintiffs are entitled to a preliminary injunction to be made permanent upon entry of a final judgment, preventing the Defendants from continuing the acts complained of herein.

## COUNT I: Patent Infringement

55.     The Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if set forth herein.

56.     By engaging in the conduct set forth herein, the Defendants have infringed and continue to infringe the 672 Patent, literally and/or under the doctrine of equivalents, by using, selling, and/or offering to sell, in the United states and/or importing into the United States, their Parrot Bay Cocktails in pouch packaging that infringes the 672 Patent in violation of 35 U.S.C. § 271.

57.     At all times relevant hereto, the Defendants' conduct has involved and taken place within interstate commerce.

58.     The Defendants' conduct as set forth herein is wrongful, malicious, fraudulent, deliberate, willful, and/or intentional and has caused and will continue to harm the Plaintiffs.

59.     Unless restrained, the Defendants' conduct has caused and will continue to cause irreparable harm to Plaintiffs for which they have no adequate remedy at law.

60.     The Plaintiffs are entitled to a preliminary injunction to be made permanent upon entry of a final judgment, preventing the Defendants from continuing the acts complained of herein.

## COUNT II: Trade Dress Infringement and Unfair Competition

16

61.     The Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if set forth herein.

62.     The Defendants have made and sold in interstate commerce their Parrot Bay Cocktails packaged in pouches that embody ABC's trade dress.

63.     As a result of the Defendants' conduct as set forth herein, consumers could be confused and induced to purchase the Defendants' Parrot Bay Cocktails, mistakenly believing them to be Daily's Cocktails, thus depriving ABC of the profits of sale.

64.     The Parrot Bay Cocktails are of inferior quality to the Daily's Cocktails, and upon information and belief, the Defendants' pouches are susceptible to leaks.   As a result of the Defendants' conduct as set forth herein, consumers may come to attribute the inferior qualities of the Defendants' Parrot Bay Cocktails to the Daily's Cocktails, to ABC's detriment.

65.     By engaging in the conduct set forth herein, the Defendants are passing off their Parrot Bay Cocktails as ABC's Daily's Cocktails, trading off and exploiting ABC's reputation and goodwill, to ABC's detriment.

66.     By engaging in the conduct set forth herein, the Defendants have infringed and continue to infringe ABC's rights in its trade dress, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  The Defendants' conduct is likely to cause confusion – initially, post-sale, and otherwise – mistake, and deception among consumers as to the affiliation, connection, or association of the Defendants with ABC and as to the origin, sponsorship, and approval of the Defendants' Parrot Bay Cocktails and commercial activities by ABC. Such conduct also interferes with ABC's right to use its trade dress to identify ABC as the single source of the Daily's Cocktails.  The Defendants' conduct as set forth herein also

constitutes false designation of origin, unfair competition, and false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     The Defendants' conduct as set forth herein is wrongful, malicious, fraudulent, deliberate, willful, and/or intentional.

68.     The Defendants' conduct as set forth herein is wrongful, malicious, fraudulent, deliberate, willful, and/or intentional and has caused and will continue to harm the Plaintiffs.

69.     Unless restrained, the Defendants' conduct has caused and will continue to cause irreparable harm to Plaintiffs for which they have no adequate remedy at law.

70.     The Plaintiffs are entitled to a preliminary injunction to be made permanent upon entry of a final judgment, preventing the Defendants from continuing the acts complained of herein.

### COUNT III:  Common Law Unfair Competition

71.     The Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if set forth herein.

72.     The Defendants' conduct as set forth herein is likely to cause consumer confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of the Defendants with ABC and as to the origin, sponsorship, and approval of the Defendants' Parrot Bay Cocktails and commercial activities by ABC.  Such conduct also interferes with ABC's right to use its trade dress to identify ABC as the single source of the Daily's Cocktails.

73.     The Defendants' conduct as set forth herein constitutes unfair competition and palming off.

74.    The Defendants' conduct as set forth herein is wrongful, malicious, fraudulent, deliberate, willful, and/or intentional.

75.    The Defendants' conduct as set forth herein is wrongful, malicious, fraudulent, deliberate, willful, and/or intentional and has caused and will continue to harm the Plaintiffs.

76.    Unless restrained, the Defendants' conduct has caused and will continue to cause irreparable harm to Plaintiffs for which they have no adequate remedy at law.

77.    The Plaintiffs are entitled to a preliminary injunction to be made permanent upon entry of a final judgment, preventing the Defendants from continuing the acts complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs demand judgment against the Defendants as follows:

1.    A judgment declaring that the Defendants have infringed the 672 Patent and have infringed ABC's trade dress, have competed unfairly with ABC, have injured ABC's business reputation by the unauthorized use of ABC's trade dress, and have willfully violated the applicable laws of the United States and of the states where the Defendants' goods have been sold, all to the detriment of Plaintiffs;

2.    That the Defendants, their officers, agents, servants, employees, attorneys, successors and assigns, and all other persons in active concert with or participation with them be preliminarily and permanently enjoined and restrained from:

(a)    Infringing or inducing infringement of the 672 Patent;

(b)    Infringing or inducing infringement of ABC's trade dress;

(c)     Using ABC's trade dress, alone or in combination with any other elements, to

        advertise or identify the Defendants' goods or services;

(d)     Unfairly competing with ABC in any manner whatsoever;

(e)     Causing likelihood of confusion;

(f)     Engaging in any acts or activities directly or indirectly calculated to trade

        upon ABC's trade dress or the reputation or goodwill of ABC, or in any way to

        compete unfairly with ABC;

3.      For preliminary and permanent injunctive relief directing Defendants to

recall from distribution and destroy all products that infringe the 672 Patent or infringe or

embody ABC's trade dress or any colorable imitation thereof, but which do not emanate

from ABC;

4.      For a judgment against Defendants awarding the Plaintiffs damages and lost

profits, including:

(a)     All damages sustained by the Plaintiffs as a result of the Defendants' unlawful

        infringement of the 672 Patent, together with interest on such damages and

        that such damages be trebled, pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 289;

(b)     All damages sustained by ABC as a result of the Defendants' unlawful

        infringement of ABC's trade dress, together with interest on such damages

        and that such damages be trebled;

(c)     All profits derived by the Defendants from the sale of goods by the direct or

        indirect use of ABC's trade dress or colorable imitations thereof, and that

        such profits be trebled;

20

(d)     All damages sustained by Plaintiffs on account of patent infringement, trade dress infringement, unfair competition, and any other damages suffered by Plaintiffs as a result of the Defendants' conduct as set forth herein, and that such damages be trebled;

5.      For an accounting of all Defendants' profits from the conduct complained of herein;

6.      For an order directing the Defendants to pay punitive damages;

7.      For an order directing the Defendants to pay restitution;

8.      For an award of attorneys' fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117 or as otherwise permitted by law;

9.      For an award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

10.     For the costs and expenses of the suit herein; and

11.     For such additional and further relief as this Court may deem just and proper.

Respectfully submitted,


By:_____/s/ Steven W. Zoffer_____
         Dickie, McCamey & Chilcote, P.C.
         Steven W. Zoffer, Esquire
         PA I.D. # 62497
         zoffers@dmclaw.com
         Nathan A. Kostelnik, Esquire
         PA I.D. # 208480
         nkostelnik@dmclaw.com
         Two PPG Place, Suite 400
         Pittsburgh, PA  15222-5402
         Telephone:  (412) 281-7272
         Facsimile:  (412) 392-5367

         Ference & Associates LLC
         Stanely D. Ference, III, Esquire
         PA I.D. #59899
         sference@ferencelaw.com
         409 Broad Street
         Pittsburgh, PA 15143
         Telephone: (412) 741-8400
         Facsimile: (412) 741-9292

         Counsel for Plaintiffs

## VERIFICATION

I, Tim Barr, Vice President of Marketing and Strategy of American Beverage Corporation, hereby verify that the facts set forth in the foregoing VERIFIED COMPLAINT are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.