IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN BEVERAGE CORPORATION** *and* **POUCH PAC INNOVATIONS, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**DIAGEO NORTH AMERICA, INC.** *and* **DIAGEO AMERICAS SUPPLY, INC.** *trading and doing business as* CAPTAIN MORGAN CO.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 12-601<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

**CONTI, District Judge.**

Pending before the court is the motion for reconsideration (ECF No. 126) filed by plaintiffs American Beverage Corporation ("ABC") and Pouch Pack Innovations, LLC ("PPi" and together with ABC, "plaintiffs"), and the response in opposition (ECF No. 128) filed by defendants Diageo North America, Inc. and Diageo Americas Supply, Inc. (collectively "defendants" or "Diageo"). Plaintiffs seek reconsideration of the court's order dated March 28, 2013 (ECF No. 119), denying plaintiffs' motion for a preliminary injunction, along with the court's findings of fact and conclusions of law. (ECF No. 118.) The court concluded in its order that although plaintiffs established a likelihood of success on the merits with respect to their design patent and trade dress infringement claims, the remaining factors considered by the court—irreparable harm to plaintiffs; harm to defendants; and the public interest—weighed in favor of denying preliminary injunctive relief. Upon consideration of plaintiffs' motion and

Diageo's response thereto, and for the reasons set forth below, plaintiffs' motion to reconsider will be DENIED.

I.      **Standard for a Motion to Reconsider**

A motion to reconsider "must rely on at least one of three grounds: 1) intervening change in controlling law, 2) availability of new evidence not previously available, or 3) need to correct a clear error of law or prevent manifest injustice." Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 313-14 (M.D. Pa. 1994), aff'd, 31 F.3d 1175 (3d Cir. 1994). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, has already made. Williams v. Pittsburgh, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). With regard to the third ground, litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Waye, 846 F. Supp. at 314 n.3 (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant sooner. Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993) aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995). Plaintiffs only challenge the court's order with respect to the third ground, i.e. to correct a clear error of law or prevent manifest injustice.

II.     **Discussion**

2

Plaintiffs move to reconsider on essentially two grounds: (1) the delay relied upon by the court does not apply to their motion for injunctive relief with respect to the Smirnoff frozen cocktail product, since the product was not launched until after plaintiffs filed suit; and (2) the court improperly weighed the evidence in concluding plaintiffs did not establish a likelihood of irreparable harm absent injunctive relief. Diageo responds to plaintiffs' arguments, and notes that plaintiffs' motion was untimely filed.

### A. Timeliness of Plaintiffs' Motion

As an initial matter, it appears that plaintiffs' motion was untimely filed. Although there is some confusion among courts and litigants over the proper rule of civil procedure governing motions to reconsider, courts "tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under [Federal Rule of Civil Procedure] 59(e)." Foster v. Westchester Fire Ins. Co., No. 09-1459, 2012 WL 2402895, at *4 n.1 (W.D. Pa. June 26, 2012) (citing A&H Sportswear Co. v. Victoria's Secret Stores, Inc., No. Civ.A. 94-7408, 2001 WL 881718, at *1 (E.D. Pa. May 1, 2001)). Motions made pursuant to Rule 59(e) must be filed "no later than 28 days after the entry of the [order to be reconsidered]." FED. R. CIV. P. 59(e). The court entered its findings of fact and conclusions of law along with its order denying plaintiffs' motion for preliminary injunction on March 28, 2013, and the twenty-eight day window for a timely motion closed on Thursday, April 25, 2013. Plaintiffs did not file the present motion until Friday, April 26, 2013, twenty-nine days later. While the court could conclude plaintiffs' motion was untimely filed, the court will consider the merits of plaintiffs' motion.

### B. Delay

Diageo subsequently launched a second allegedly infringing product—the Smirnoff frozen cocktail pouch—after plaintiffs sought relief in this court. That fact does not present a

3

"clear error of law," as required for the court to grant a motion to reconsider. As an initial matter, plaintiffs' delay in seeking redress in this court is not in dispute. As discussed in the court's findings of fact and conclusions of law, plaintiffs' seven-month delay in bringing suit, despite their awareness of the Parrot Bay frozen cocktail product, was found to be inexcusable. Plaintiffs direct the court to no authority requiring it to simply ignore the plaintiffs' initial delay merely because defendants launched a second, allegedly infringing product, after plaintiffs filed suit. Plaintiffs had the opportunity to assert this argument in support of their preliminary injunction motion, but failed to do so, despite being in possession of facts to support such an argument at that time. (See ECF No. 128 at 8.) A motion for reconsideration is not the time to assert arguments that could have been previously made. Reich, 834 F. Supp. at 755.

The court acknowledged, for purposes of the trade dress infringement analysis, that the Parrot Bay and Smirnoff frozen cocktail products are, by and large, the same product. (ECF No. 116 at 66.) Diageo conceded that the die line for both the Parrot Bay and Smirnoff pouches is the same. (Id. at 49.) The court agreed with plaintiffs' proposed trade dress analysis which, to a large extent, rendered any differences between the Daily's package design and the Parrot Bay and Smirnoff package designs superfluous. (Id. at 66.) In light of these findings, it bears noting that the similarities among the Daily's, Parrot Bay, and Smirnoff trade dress were integral to the court's conclusion that plaintiff is likely to succeed on the merits of proving trade dress infringement insofar as the court found that all three packages share the same overall impression. (Id.) To the extent plaintiffs now try to distinguish between the Parrot Bay and Smirnoff products, that argument is unpersuasive and actually cuts against the court's finding in their favor.

As a final matter, plaintiffs mischaracterize the court's holding with respect to irreparable harm to the extent the court concluded that "**[e]ven if plaintiffs' delay were not determinative,** plaintiffs failed to show that they will be irreparably harmed absent the court's grant of injunctive relief." (Id. at 79) (emphasis added). The court explicitly found an independent basis for denying plaintiffs' injunctive relief that was not premised upon plaintiffs' delay. The court did not, therefore, hold that "delay is somehow preclusive of a finding of irreparable harm," as described by plaintiffs. (ECF No. 126 at 9.) To the extent that plaintiffs fail to demonstrate a clear error of law with respect to the courts' conclusions about delay, their argument cannot form the basis for a motion to reconsider.

### C. Finding of no Irreparable Harm

Plaintiffs ask the court to reconsider its conclusion that they failed to show irreparable harm absent injunctive relief. The bulk of plaintiffs' argument in support of their motion consists of facts that they concede were already before the court. (E.g. ECF No. 126 at 5 ("the record shows . . ."); 6 ("the record shows . . .") 8 ("Plaintiffs also presented evidence that . . ."); 9 ("As the record shows . . .").) To the extent that plaintiffs simply disagree with how the court weighed the facts before it and seek to relitigate their preliminary injunction motion, a motion to reconsider is not the appropriate forum. Waye, 846 F. Supp. at 314 n.3. To the extent plaintiffs offer legal arguments in support of the present motion, those arguments will be addressed below.

Plaintiffs first argue that the court should have applied a presumption in favor of finding irreparable harm in light of the likelihood of plaintiffs' success on the merits. Plaintiffs cite several court decisions in support of their argument that the presumption of irreparable harm remains despite the holding of the United States Supreme Court in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006). None of the decisions relied upon by plaintiffs, however, is binding

5

upon this court. To the extent that this court is bound by decisions of the Court of Appeals for the Third Circuit and the United States Supreme Court, the court applied eBay and found that the presumption no longer applies in patent cases or cases outside the patent realm. (ECF No. 118 at 80-83.) Absent some other binding authority that contradicts the court's holding, plaintiffs fail to demonstrate a clear error of law.

Plaintiffs also cite Roper Corp. v. Litton Systems, Inc., 757 F.2d 1266, 1269 n.2 (Fed. Cir. 1985), in support of their argument that the court erred in giving "greater weight to the determination that any damages awarded to plaintiffs can be compensated by Diageo." (ECF No. 126 at 9.) The court's conclusion, however, reflects the purpose of the preliminary injunction test—to give weight to the factors such that "no one element be dispositive." Roper Corp., 757 F.2d at 1269 n.2. The court did not give dispositive weight to the determination that Diageo could pay; rather, the court concluded that the harm alleged by defendants was not irreparable, and could be compensated through the payment of money damages. (ECF No. 118 at 85 (citing Sampson v. Murray, 415 U.S. 61, 90 (1974).) This fact, in light of the other facts of record before the court, weighed heavily in favor of denying plaintiffs' motion for injunctive relief. While Diageo may be a larger corporation than ABC and PPi, as plaintiffs repeatedly asserted in support of their motion, the court concluded that, in light of all the factors, public policy favored denying injunctive relief. Plaintiffs again attempt to relitigate arguments already made and ask the court to reweigh evidence, neither of which is appropriate in a motion for reconsideration.

Plaintiffs disagree with the court's reading of the decision in Apple Inc. v. Samsung Electronics Co., Ltd., 695 F.3d 1370 (Fed. Cir. 2012), and argue that the relevant inquiry should be "'to what extent the harm resulting from selling the accused product can be ascribed to the infringement.'" Id. at 1375. Plaintiffs point to evidence of "other frozen drink pouches,

comparable in every way except appearance" in support of their argument. Plaintiffs, however, ignore other relevant differences, such as brand name, flavor, and sales location. Plaintiffs are asking the court to reweigh evidence it already had before it. Absent any newly obtained evidence that "the infringing feature [meaning the patented design for the Daily's frozen cocktail product pouch] drives consumer demand for the accused product," id., plaintiffs' argument is not properly asserted in a motion for reconsideration.

Upon consideration of the submissions of the parties, and for the reasons set forth herein, plaintiffs fail to meet the high standard required for a motion to reconsider, and the motion will be DENIED. An appropriate order follows.

**ORDER**

AND NOW, this 6th day of August, 2013, upon consideration of the motion for reconsideration (ECF No. 126) filed by plaintiffs American Beverage Corporation and Pouch Pac Innovations, LLC, and the response in opposition filed by defendants Diageo North America, Inc. and Diageo Americas Supply, Inc., it is HEREBY ORDERED that plaintiffs' motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge